UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER BOTELLO,

    Petitioner,                                          Civil Action No. 09-CV-14742

v.                                             HON. BERNARD A. FRIEDMAN

SHIRLEE HARRY,

    Respondent.

_____/

**<u>OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

Christopher Botello has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. At the time he instituted this action, petitioner was confined at the Muskegon Correctional Facility. Since that time, however, petitioner has completed his sentences and has been discharged from state custody.[1] Petition raises claims concerning the award of jail credit toward his sentence, judicial conduct at re-sentencing, and the effectiveness of counsel at re-sentencing. Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

In order to challenge a state court conviction in a federal habeas proceeding, a petitioner must be "in custody" pursuant to that conviction at the time the habeas petition is filed. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); 28 U.S.C. § 2254(a). When a petitioner is released during the pendency of his case, the court is not divested of jurisdiction as long as the petitioner was "in custody" at the time the petition was filed.

---

[1] *See* Offender Profile, http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=245396 (showing release date of June 29, 2011).

*See Carafas*, 391 U.S. at 238; *York v. Tate*, 858 F.2d 322, 324 (6th Cir. 1988).  At the time he instituted this habeas action, petitioner satisfied the "in custody" requirement.

However, a petitioner's release from custody may moot his habeas claims.  The United States Constitution provides that a federal court has jurisdiction only over actual "cases or controversies."  U.S. CONST. art. III, § 2.  As the United States Supreme Court has explained:

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990). *See also Preiser v. Newkirk*, 422 U.S. 395, 95 S. Ct. 2330, 45 L. Ed. 2d 272 (1975). This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis, supra*, at 477.

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  Thus, a case may become moot and outside the court's jurisdiction if "events occur during the pendency of a litigation which render the court unable to grant the requested relief."  *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir.1986).  Mootness is a jurisdictional issue which maybe raised by a court *sua sponte*.  *See N. Carolina v. Rice*, 404 U.S. 244, 246 (1971).

Once a habeas petitioner's sentence has expired, some concrete and continuing injury, some "collateral consequence" of the conviction, other than the now-ended incarceration, must exist if the action is to proceed in federal court and not be considered moot.  *Spencer*, 523 U.S. at 7.  Ordinarily, a habeas petition challenging a criminal conviction will not be moot because a criminal conviction generally has continuing collateral consequences.  When a petitioner has been fully discharged from his sentence and his claims only concern sentencing matters, however, there are no continuing collateral consequences which can be redressed by a favorable court decision.  *See Lane*

*v. Williams*, 455 U.S. 624, 631 (1982).

Such is the case here. All three of petitioner's habeas claims concern sentencing matters. Petitioner, however, has been fully discharged from his sentences. Consequently, the court can provide no further remedy. His habeas claims have thus been rendered moot. *See United States v. Waltanen*, 356 F. App'x 848, 851 (6th Cir. 2009) ("If a prisoner does not challenge the validity of the conviction but rather only challenges his sentence or some aspect of it, the request for relief is moot once the challenged portion of the sentence has expired."). Accordingly,

IT IS ORDERED that the petition in this matter for a writ of habeas corpus is dismissed.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

IT IS FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

                                            S/Bernard A. Friedman_____
                                            BERNARD A. FRIEDMAN
                                            SENIOR UNITED STATES DISTRICT JUDGE

Dated: January 9, 2012
       Detroit, Michigan